# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CLIFFORD SENTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 5:16-cv-8107-LSC |
| ) | (5:99-cr-102-LSC-TMP-1) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OF OPINION

Defendant/Petitioner Clifford Senter has filed with the Clerk of this Court a motion to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Senter is now represented by appointed counsel who has filed a brief in support of his motion. (Doc. 5.) The Government opposes the motion. For the following reasons, the motion is due to be denied.

## I. Background

In 1999, Senter was convicted of armed bank robbery, a violation of 18 U.S.C. § 2113(a) and (d) (count one); using a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c) (count two); and, being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (count three). On counts one and two,

Senter was sentenced to 300 months and a consecutive 60 months, respectively. On count three, Senter was sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1) to 360 months because he had three prior Alabama convictions for violent felonies (third-degree robbery, second-degree robbery, and attempted first-degree robbery). Thus, Senter's total sentence was 420 months (360 on count three plus a consecutive 60 on count two). Had he not been sentenced under the Armed Career Criminal Act ("ACCA"), his maximum sentence on count three would have been ten years.

Now, more than fifteen years after his conviction and sentence became final, Senter seeks, via a motion filed under § 2255, relief from his 360-month sentence on count three, arguing that he no longer qualifies to be sentenced under the ACCA. This is Senter's first such motion and, with regard to a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), it is timely.

## II. Discussion

The ACCA provides enhanced penalties for defendants previously convicted of three or more "violent felonies," defined as offenses that either: (1) have as an element "the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i) (known as the "elements clause"); (2) constitute "burglary, arson, or extortion, or involve[ ] the use of

explosives," *id.* § 924(e)(2)(B)(ii) (known as the "enumerated offenses clause"); or (3) "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another," *id.* (known as the "residual clause"). Senter's Presentence Investigation Report ("PSR") did not specify under which of the three clauses of the ACCA's violent felony definition his three prior Alabama robbery and attempted robbery convictions should be classified.

In *Johnson*, the Supreme Court held that the residual clause of the violent felony definition of the ACCA is unconstitutionally vague and thus imposition of an enhanced sentence under that provision violates the Fifth Amendment's guarantee of due process. 135 S. Ct. at 2557. The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the elements clause or the enumerated crimes clause of the ACCA's definition of a violent felony. *Id.* at 2563. Subsequently in *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

Senter argues that Alabama robbery, in all its degrees, fails to qualify as a violent felony post-*Johnson*, because it cannot be considered under the now-void residual clause, it is not one of the enumerated crimes, and it does not involve the use of physical force.

Contrary to Senter's argument, however, each degree of Alabama robbery categorically constitutes a violent felony because each "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 922(e)(2)(B)(i). For an offense to fall under the ACCA's elements clause, it must have an element of "violent force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). Under *Curtis Johnson*, actual pain or injury, therefore, is not required. *Cf.* 18 U.S.C. § 924(e)(2)(B)(i) (elements clause applies to attempted and threatened uses of force). While the force involved must be more than "the merest touch," "a slap in the face" would be sufficiently violent. *Curtis Johnson*, 559 U.S. at 143.

### A. Robbery in the Second and Third Degrees

Under Alabama law, first- and second-degree robbery are enhanced versions of third-degree robbery. Third-degree robbery requires (1) commission of a theft (2) during which the perpetrator (a) "uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance" or (b) "threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." Ala. Code § 13A-8-43(a). Second-degree

robbery further requires that the defendant be aided by another person actually present. *Id.* § 13A-8-42(a). An individual commits first-degree robbery when he or she commits third-degree robbery and "(1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another." Ala. Code § 13A-8-41.

All forms of Alabama robbery are categorically "elements clause" offenses under the ACCA. The Alabama robbery statute is substantially similar to the Florida robbery statute, which the Eleventh Circuit has found to involve the "use of force" under *Curtis Johnson*. Florida robbery is a theft "in the course of [which] there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). State jury instructions clarify that force or threat must "overcome" or prevent the victim's resistance. Fla. Std. Jury Instr. (Crim.) 15.1. In *United States v. Lockley*, the Eleventh Circuit held that the Florida statute fell under the virtually identical elements clause of U.S.S.G. § 4B1.2. 632 F.3d 1238, 1245 (11th Cir. 2011). The Eleventh Circuit applied the pure categorical approach, "disregard[ing] the facts of the underlying conviction and look[ing] only to the elements of [the] prior conviction." *Id.* at 1240. In *United States v. Fritts*, the Eleventh Circuit relied on *Lockley*'s reasoning in affirming a holding that Florida armed robbery is a violent felony under the ACCA. 841 F.3d 937, 942-43 (11th Cir. 2016). In doing so, the

Eleventh Circuit emphasized two aspects of Florida robbery's force requirement: the force had to be sufficient to overcome a victim's resistance, and it had to be more than would be associated with a mere snatching. *Id.*

Alabama robbery shares both these features. All forms of Alabama robbery require "such force as is actually sufficient to overcome the victim's resistance." *Casher v. State*, 469 So. 2d 679, 680 (Ala. Crim. App. 1985) (quoting 77 C.J.S. Robbery § 15 (1952)). Moreover, "mere snatching is not [Alabama] robbery unless there is some concurrent intimidation or violence." *Proctor v. State*, 391 So. 2d 1092, 1093 (Ala. Crim. App. 1980). *Accord Elston v. State*, 687 So. 2d 1239, 1242-43 (Ala. Crim. App. 1996) (distinguishing Alabama robbery from Georgia robbery because the latter can be accomplished by "sudden snatching").

Therefore, Senter's Alabama second- and third-degree robbery offenses are violent felonies under the elements clause of the ACCA, regardless of whether they also would fall under the ACCA's now-void residual clause.

### B. Attempted First-Degree Robbery

Senter also argues that his prior conviction for attempted first-degree robbery does not qualify as a violent felony under the ACCA because "an attempt does not require as an element the use, attempted use, or threatened use of physical force against a person." However, as explained above, Alabama robbery includes

force against the person of another as an element. Thus, an attempt to commit robbery necessarily includes, at a minimum, an attempt to use force. Put another way, one cannot attempt to commit an offense that requires the use of force without attempting to use force. And, an attempt to use force is sufficient to bring a crime within the elements clause portion of the violent-felony definition. *See* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" as a crime that "has as an element the use, *attempted use*, or threatened use of physical force against the person of another") (emphasis added). Thus, like robbery itself, attempted robbery qualifies as a violent felony under the elements clause.

Senter additionally argues that his attempted first-degree robbery conviction is not a violent crime because attempted robbery has not been a criminal offense in Alabama since 1979, relying upon *Conner v. State*, 955 So. 2d 473, 475 (Ala. Crim. App. 2006) ("Since the effective date of the Alabama Criminal Code, January 1, 1980, attempted robbery is no longer considered a criminal offense."). In other words, Senter argues that his attempted robbery conviction is invalid as a matter of Alabama state law. However, Senter may not collaterally attack the validity of his state-court conviction in these proceedings. *See, e.g., Custis v. United States*, 511 U.S. 485, 497 (1994) ("§ 924(e) does not permit Custis to use the federal sentencing forum to gain review of his state convictions"); *United States v. Phillips*,

120 F.3d 227, 231 (11th Cir. 1997) ("Collateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel."); *United States v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995) ("Generally, we do not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence."). Thus, a claim that the attempted robbery conviction is not a valid conviction cannot serve as a basis to grant Senter relief.

## III. Conclusion

For the reasons stated above, Senter's § 2255 motion is due to be denied and this action dismissed. Additionally, a certificate of appealability will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Senter's claim does not satisfy either standard. Accordingly,

insofar as an application for a certificate of appealability is implicit in Senter's motion, it is due to be denied. A separate closing order will be entered.

**DONE** AND **ORDERED** ON FEBRUARY 5, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704